Ronald GOLDBERG; et al., Petitioners—Appellees,

v.

FOCUS AFFILIATES INC., a Delaware Corporation; et al., Respondents,

and

Critical Capital Growth Fund, L.P., a Delaware of limited partnership, Respondent—Appellant.

Critical Capital Growth Fund, L.P., Petitioner—Appellant,

and

Pursuit Associates, LLC, Petitioner,

v.

Cellular Wholesalers, Inc.; et al., Respondents—Appellees.

Ronald Goldberg; et al., Petitioners— Appellants,

v.

Focus Affiliates Inc., a Delaware corporation; et al., Respondents—Appellees.

Nos. 02–56399, 02–56405, 02–57199. D.C. Nos. CV–02–03712–MMM, CV–02–03694–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 23, 2003.

Joel D. Siegel, Jenkens & Gilchrist, Los Angeles, CA, for Petitioners–Appellees/Respondents–Appellees/Petitioners–Appellants.

Ronald S. Rosen, Troy & Gould, Los Angeles, CA, for Respondents/Respondent–Appellee.

John W. McConnell, William Wachtel, Wachtel & Masyor, New York, NY, for Respondent–Appellant/Petitioner–Appellant/Respondent–Appellee.

Neil Carrey, Glenn J. Plattner, Jenkens & Gilchrist, Los Angeles, CA, for Petitioners–Appellants.

Before KOZINSKI and NOONAN, Circuit Judges, and SCHWARZER, Senior District Judge.

### MEMORANDUM *

Critical Capital Growth Fund, L.P. ("Critical Capital") appeals the District Court's decision affirming an arbitrator's award of attorneys' fees against it in its dispute with Cellular Wholesalers, Inc. ("CWI") as a result of a 1999 merger agreement. Ronald Goldman et. al. ("CWI shareholders") cross-appeal the District Court's denial of their petition for attorneys' fees arising from post-arbitration judicial proceedings to enforce the arbitration decision. We affirm both decisions below.

The arbitrator's award may be vacated or modified if the arbitrator has exceeded his powers or manifestly disregarded the law. 9 U.S.C. § 10(a)(4); *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995). The arbitrator did neither. Critical Capital submitted to the arbitrator's jurisdiction by voluntarily participating in the arbitration proceedings. *See Nghiem v. NEC Elec., Inc.,* 25 F.3d 1437, 1440 (9th Cir.1994). The arbitrator's decision that Critical Capital is responsible for attorneys' fees is supported by his findings that Critical Capital was the moving party in the litigation, that it was the party to benefit from the judgment, and that it would be inequitable to deny the CWI shareholders the practical ability to collect their attorneys fees. We conclude that the arbitrator did not exceed his powers or manifestly disregard the law.

The district court did not abuse its discretion in denying attorneys' fees to the CWI shareholders for post-arbitration proceedings because the arbitration clause of the contract refers to an award of attorneys' fees only in the context of arbitration.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.